The narrow issue in this case is whether the defendant, Ronald S. Leventhal, had sufficient contacts with, or activities in, the State of Alabama to make it fair and reasonable to require him to defend this action in Alabama. In other words, is there any evidence to establish that Leventhal's conduct relating to this investment opportunity, offered in Georgia, was such that Leventhal should reasonably have anticipated being sued in Alabama? I conclude that the evidence does not establish that Leventhal had sufficient contacts to give an Alabama court, specifically the Circuit Court of Calhoun County, personal jurisdiction over him. Therefore, I dissent.
Determining sufficient contacts is a factspecific analysis. InFrancosteel Corp. v. M/V Charm, 19 F.3d 624 (11th Cir. 1994), the United States Court of Appeals for the Eleventh Circuit held that a contract to deliver goods to a Georgia port did not constitute sufficient contacts with the state of Georgia to justify that state's exercise of specific in personam jurisdiction, given that none of the *Page 571 
events giving rise to the action took place in Georgia. Id. at 627.
"In personam jurisdiction complies with due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. See International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Hansonv. Denckla, 367 U.S. 235, 253, 78 S.Ct. 1228, 1239,2 L.Ed.2d 1283 (1958); World-Wide Volkswagen Corp. v. Woodson 444 U.S. 286,297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). . . .
"To constitute minimum contacts for purposes of specific jurisdiction,
 "'the defendant's contacts with the applicable forum must satisfy three criteria. First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws." Third, the defendant's contacts with the forum must be "such that [the defendant] should reasonably anticipate being haled into court there." ' "
19 F.3d at 627 (quoting Vermeulen v. Renault, U.S.A., Inc.,965 F.2d 1014, 1016 (11th Cir. 1992)).
The defendant I, Leventhal is a resident of Georgia. The evidence in the record suggests that Marty Greene, Leventhal's codefendant, recommended an investment in Georgia property to the trustees of the Pension Plan. Although Greene worked with the firm that was servicing the Pension Plan, the record suggests that he also was an investor in the Georgia partnership he recommended to the trustees. The trustees traveled to Georgia to meet with Leventhal. When the trustees, upon returning to Alabama, began having misgivings about making the investment, Greene assured them it was safe and obtained for them a letter agreement from Leventhal. However, Leventhal never traveled to Alabama to discuss the Georgia investment. In addition, there is no evidence indicating that Greene was acting as Leventhal's agent when Leventhal, in effect, personally guaranteed the trustees a return on their investment.
 "A mere allegation that a nonresident has defrauded an Alabama resident, in itself, is not sufficient to establish in personam jurisdiction over the nonresident. Lowry v. Owens, 621 So.2d 1262 (Ala. 1993); Shrout v. Thorsen, 470 So.2d 1222 (Ala. 1985) (Torbert, C.J., concurring specially). We are mindful that Alabama has an interest in providing an effective means of recovery for a resident who has been damaged' by the fraudulent acts of a nonresident. Shrout at 1225; however, the test for in personam jurisdiction is whether the nonresident had sufficient contacts with this state such that it is fair and reasonable to require the nonresident to come to Alabama to defend an action. Rule 4.2(a)(2)(I), A.R.Civ.P.; Shrout, supra."
Berlin v. Newman, 657 So.2d 890 at 892 (Ala.Civ.App. 1994), cert. denied, 657 So.2d 894 (Ala. 1995).
The only possible contact between Leventhal and Alabama was the letter Leventhal wrote that was provided to the plaintiffs in Alabama, giving them certain assurances regarding the Georgia investment. Any loss the plaintiffs suffered was occasioned by the decrease in value of the Georgia investment. Assuming the plaintiffs' allegations to be true, Leventhal's conduct did not cause an injury within Alabama. The investors traveled to Georgia to discuss a Georgia investment opportunity involving Georgia property, with Leventhal, a Georgia resident. The mere fact that the investors were Alabama residents does not give an Alabama court personal jurisdiction over the defendant, Ronald S. Leventhal. Therefore, I dissent. *Page 572